UNITED STATES of America

v.

Ernest MALIZIA, Defendant.

No. S 75 Cr. 687.

United States District Court,
S. D. New York.

April 5, 1977.

---

Robert B. Fiske, Jr., U. S. Atty., Federico E. Virella, Jr., Asst. U. S. Atty., New York City, of counsel, for the Government.

Joseph I. Stone, New York City, for defendant.

IRVING BEN COOPER, District Judge.

Defendant Malizia requests an order granting the relief: (1) suppression of items seized from him at the time of his arrest on December 18, 1973; (2) suppression of statements made by defendant subsequent to his re-arrest on February 4, 1977; (3) dismissal of the indictment based upon the theory of collateral estoppel; (4) permission to raise the claim of double jeopardy. For the reasons set forth below, these motions are denied in their entirety.

Defendant is charged in this multi-count, multi-defendant indictment with conspiracy to violate the federal narcotics laws between January 1, 1973 to July 10, 1975 (this indictment was filed on the latter date). Prior to the trial on this indictment (it commenced before us on September 22, 1975), defendant and others escaped from the West Street House of Detention. Eight co-defendants [1] went to trial in the case, *United States v. Magnano et al.*; it lasted over five weeks. On October 24, 1975, the jury returned a verdict convicting seven defendants of various counts; as to the remaining defendant, William Chapman, the jury was hung and a mistrial was granted.[2] On December 3, 1975, this Court sentenced six of the defendants to terms of imprisonment ranging from eight to thirty years plus varying fines. The remaining defendant, Frank Lucas was sentenced on January 27, 1976 to forty years and a $200,-000 fine.

The convictions of Malizia's co-defendants were affirmed by a unanimous circuit on September 7, 1976. *United States v. Magnano et al.*, 543 F.2d 431 (2d Cir. 1976).

A fugitive from justice for over two years, Malizia was apprehended in Miami, Florida on February 4, 1977. He was subsequently returned to this district, where trial is scheduled to commence on April 19, 1977.

At the outset, we take up defendant's motions concerning collateral estoppel and double jeopardy. The basis of these motions appears to be defendant's prior conviction in this district before Judge Motley in 1974 on indictment 74 Cr. 150. (Stone affidavit, sworn to March 24, 1977)

■ The underlying premise of the double jeopardy provision of the Fifth Amendment to the United States Constitution is that a defendant should not be twice tried or punished for the same offense. *United States v. Wilson*, 420 U.S. 332, 339–40, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Upon a careful review of the prior charges against defendant, we declare the instant indictment does not charge this defendant with

---

1. Several other co-defendants named therein became fugitives immediately after the indictment was returned.

2. Chapman was never retried; in March 1976 he was murdered.

the same offense as in any previous prosecution. Accordingly, his double jeopardy claim must be rejected. We observe that the claim of double jeopardy may be raised at any time and without permission so to do.

In indictment 74 Cr. 150, Malizia, along with his brother Joseph, was charged in three counts with selling heroin and cocaine, and conspiracy so to do, in and about November 1970 to April 1971. Ernest Malizia, the defendant herein, was tried on February 15, 1974; the jury convicted him on Count Two only; it charged defendant with selling approximately 995 grams of cocaine.[3]

Before trial in that case, Judge Motley held a suppression hearing to determine the admissibility of defendant's statements to Rockland County (N.Y.) Police to the effect that his name was John Conite, and to federal narcotics agents that his name was Harry Luppes.[4] The Court there found both statements admissible holding they were made following lawful arrest based on probable cause. *United States v. Malizia*, 74 Cr. 150, transcript of suppression hearing at pp. 44–45. Such evidence was subsequently introduced in that trial.

On March 19, 1974 Malizia was sentenced (in 74 Cr. 150) to ten years and a $20,000 fine. The conviction was affirmed September 17, 1974. *United States·v. Malizia*, 503 F.2d 578 (2d Cir. 1974), *cert. denied*, 420 U.S. 912, 95 S.Ct. 834, 42 L.Ed.2d 843 (1975).

Since the charge in the instant case is clearly distinct and separate from defendant's 1974 case, his double jeopardy claim must fail. The record is clear that in 1974 defendant stood trial for, and was convicted on, a substantive charge of selling cocaine in or about February 1971. The present indictment, on the contrary, charges de-

fendant in a conspiracy count alleged to have commenced in January 1973, almost two years after the substantive charge of the prior indictment. Furthermore, the conspiracy in this case involved massive amounts of heroin; defendant's 1974 conviction was for the sale of a quantity of cocaine.

Thus, it is abundantly clear, as the two indictments readily reveal, that each case presented a separate and distinct crime and conclusively unrelated in time. The offenses charged being dissimilar in law and fact, defendant's double jeopardy claim must be rejected. See *United States v. McCall*, 489 F.2d 359, 362 (2d Cir. 1973), *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974); *United States v. Pacelli*, 470 F.2d 67, 72 (2d Cir. 1972), *cert. denied*, 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973); *United States v. Kramer*, 289 F.2d 909, 913 (2d Cir. 1961).

The doctrine of collateral estoppel, related to the double jeopardy clause of the Fifth Amendment (see *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)), precludes the prosecution of a criminal offense where an issue of ultimate fact or an element essential to conviction has necessarily been determined in defendant's favor by a valid and final judgment in a prior proceeding between the same parties. See *United States v. Zane*, 495 F.2d 683, 691 (2d Cir. 1974), *cert. denied*, 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974); *Sealfon v. United States*, 332 U.S. 575, 578–79, 68 S.Ct. 70, 92 L.Ed. 341 (1948); *United States v. Kramer, supra; United States v. Tramunti*, 500 F.2d 1334, 1336 (2d Cir.), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974). However, it is defendant's burden to establish that the issue he seeks to have "collaterally estopped" from litigation in

3. Defendant was not tried on the remaining counts because the Government believed the evidence insufficient due to the unavailability of an informant witness.

4. On December 5, 1971, Malizia was arrested in Rockland County, New York, on an incident following a traffic charge. At that time, he claimed his name was John Conite and carried

false identification papers in that name. On that occasion he made bail, fled within a few hours and before the police had determined his true identity. On December 18, 1973, when arrested by federal narcotics agents, he carried identification papers in the name of Harry Luppes and claimed that was his name. Gov't. *affid.*, p. 2.

the pending prosecution was necessarily decided by the prior verdict. *United States v. Tramunti, supra,* at 1346.

 Defendant has utterly failed to sustain that burden in the case at bar; he states that "the Government obtained certain leads in 74 Cr. 150 [the prior case] that the Government intends to offer in the trial of the instant case." Stone *affid.* Nothing more is asserted. This bald, conclusory statement will not suffice to establish that a prior issue of fact or law was necessarily determined in defendant's favor in a prior proceeding. We are constrained to note that at present we do not see any arguable collateral estoppel issue in the instant case. Accordingly, we find defendant's contention on this score devoid of merit and reject it. See *United States v. Gugliaro,* 501 F.2d 68, 70 (2d Cir. 1974).

The remaining issues in the present application deal with the suppression of various evidence. First, defendant seeks an order suppressing all items seized at the time of his arrest on December 18, 1973. Defendant argues that "the Government offered in the *Magnano* trial certain slips of paper taken from Malizia at the time of his arrest . . ." and such evidence should be suppressed since it was used in a prior trial. Stone *affid.*

The documents in question are 1) a driver's license in the name of Harry Luppes (see discussion *supra*) 2) a list of telephone numbers in code, which when decoded reveal the actual phone numbers of Malizia's customers. See *United States v. Magnano,* 75 Cr. 687, trial record at pp. 1425–1428; 1494–1501; 1617–1618; 2875; 3181–3182.

 Defendant cites no authority for his argument that "certain evidence cannot be admitted into two trials . . . ." We know of no such rule. Furthermore, defendant has made no allegation or showing of facts sufficient to warrant either an evidentiary hearing or suppression of the items seized from him in connection with his arrest. See *Grant v. United States,* 282 F.2d 165, 170 (2d Cir. 1960).

More importantly, it has already been determined in a prior judicial proceeding that there existed probable cause for defendant's arrest in December, 1973. *United States v. Malizia,* 74 Cr. 150, transcript of suppression hearing at pp. 44–45. Hence, materials seized pursuant to a lawful arrest based on probable cause are clearly admissible. See, e. g. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Accordingly, defendant's motion to suppress evidence seized upon his arrest in December 1973 is denied.

Finally, defendant moves to suppress statements made February 4, 1977 at the time of his arrest on a fugitive warrant. In a pre-trial conference before us on March 30, 1977, the Government stated that it would not offer these statements in its direct case. Under these circumstances, we regard it unnecessary to resolve this matter at the present time. See Gov't. *affid.,* p. 4.

For the foregoing reasons, defendant's pre-trial motions are denied except as indicated immediately above with respect to the statements of defendant upon his arrest in February 1977.

SO ORDERED.